**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

AMERICA'S HOME PLACE, INC.,    )
    )
    **Plaintiff,**    )
    )
    )    **Case No. 5:24-cv-00096**
**v.**    )    **District Judge Mark E. Walker**
    )    **Magistrate Judge Michael J.**
**JAMES E. ELIAS and KATHLEEN E.**  )  **Frank**
**KELLY,**    )
    )
    **Defendants.**    )

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING COURT'S DETERMINATION OF DEFENDANTS' MOTION TO DISMISS

Defendants, JAMES E. ELIAS and KATHLEEN E. KELLY ("Defendants"), by and through their undersigned counsel, hereby request an Order staying discovery pending the ruling on their dispositive Motion to Dismiss [D.E. 17] dated July 25, 2024, and in support thereof, state as follows:

## I.    BACKGROUND

Plaintiff, AMERICA'S HOME PLACE, INC. ("Plaintiff") filed this action against Defendants, two retirees building a home in Port St. Joe, Florida, alleging copyright infringement of an alleged copyrighted architectural work.  Defendants agreed to a waiver of service, making Defendants' response to the Complaint due on August 3, 2024.  Despite this deadline, and Defendants not having yet responded to the Complaint, Plaintiff's pushed for a Rule 26 conference on June 24, 2024, so it

could serve early discovery requests on Defendants.  On June 27, 2024, Plaintiff served Defendants with its First Set of Interrogatories, First Request for Production, and First Request for Admissions.  On June 27, 2024, Plaintiff also served subpoenas on third parties. Pursuant to the Court's Amended Scheduling Order, the discovery deadline is June 3, 2025.

On July 25, 2024, Defendants filed a dispositive Motion to Dismiss the Complaint [D.E. 17] on the basis that Plaintiff's architectural plans alleged to be infringed are a derivative work for which Plaintiff does <u>not</u> own a copyright registration, which is a prerequisite for filing suit for copyright infringement. Moreover, the Complaint fails to allege what elements of the derivative work are protectable and which protectable elements have been allegedly been infringed by Defendants.  Therefore, a stay of discovery pending a ruling on Plaintiff's Motion to Dismiss is warranted.

## II.    LEGAL STANDARD

A court may stay discovery for good cause. Fed. R. Civ. P. 26(c)(1). Good cause exists where a dispositive motion could "entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal quotation omitted). *See generally Beaulieu v. Bd. of Trs. Of Univ. of West Florida*, 2007 U.S. Dist. LEXIS 108190, at *19 (N.D. Fla. July 18, 2007) (citation omitted). "As a general rule, preliminary motions which may likely dispose of an entire suit

2

should be resolved as soon as practicable to obviate avoidable discovery costs." *Brooks v. Event Ent. Grp., Inc.*, 2020 U.S. Dist. LEXIS, at *2 (S.D. Fla. Sept. 15, 2020).

Defendants respectfully move to stay discovery pending resolution of their dispositive Motion to Dismiss [D.E. 17]. Indeed, as set forth in Defendants' Motion to Dismiss, Plaintiff's Complaint warrants dismissal because Plaintiff does not own a copyright registration for its alleged derivative work, and the Complaint fails to state what elements of the derivative work are protectable and which protectable elements have been allegedly been infringed by Defendants. *See, e.g., Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012). The deficiencies in the Complaint are ones that Plaintiff cannot cure. *See e.g., Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *Miller's Ale House, Inc.*, 702 F.3d at 1318. As such, the Complaint should be dismissed, and a stay is warranted.

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudadama v. Mazda Motor Corp.*, 123 F3d 1353, 1367 (11th Cir 1997). "Thus, in certain circumstances, it is appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 U.S. Dist.

LEXIS 194241, at *2 (S.D. Fla. Jan. 27, 2016). This determination [of whether to stay discovery] requires courts to take a "preliminary peek" at the underlying motion to dismiss to determine whether the motion is meritorious. *Mullane v. Almon*, No. 4:21-cv-164-MW/MJF, 2021 U.S. Dist. LEXIS 215874, at *2 (N.D. Fla. Oct. 14, 2021) (granting the motion to stay due to the merit of the Motion to Dismiss); *see also Gonzalez v. Porter*, 2023 U.S. Dist. LEXIS 41860, at *2 (S.D. Fla. Mar. 13, 2023) (granting motion to stay where Defendants' underlying 'motion appears to be at clearly meritorious and truly case dispositive.' (citations omitted)). "Courts must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery. *Makere v. Fitzpatrick*, 2022 U.S. Dist. LEXIS 250028, at *2 (Oct. 11, 2022) (citations omitted).

The Eleventh Circuit encourages stays of discovery pending the resolution of a potentially dispositive motion to dismiss, reasoning:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigations, squander scarce judicial resources, and damage the integrity and public's perception of the federal judicial system.

*Chudasama.*, 123 F.3d at 1368; *see also Minton v. Jenkins*, 2011 U.S. Dist LEXIS 55695, at *4 (N.D. Fla. 2011) (finding that there was an "'immediate and clear possibility' that the motion would be granted and th[e] action entirely terminated. Therefore, Defendants' burden and expense of responding to Plaintiff's discovery

4

requests outweighs any benefit at this stage of the litigation.") (citations omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id*.

## III.  MEMORANDUM OF LAW

Here, a preliminary peek into Defendants' pending Motion to Dismiss would reveal that good cause exists for staying discovery. In the interest of not burdening the Court with duplicative arguments set forth at length in the Motion to Dismiss, this Motion will not be a recitation of those arguments and instead incorporates those arguments by reference under Fed. R. Civ. P. 10(c).

**A. The Stay is Appropriate Because the Motion to Dismiss is Dispositive.**

As discussed previously, the deficiencies in Plaintiff's Complaint cannot be cured. Plaintiff does not own a copyright registration for its alleged derivative work upon which its copyright infringement claim is based. Moreover, Defendants argue that Plaintiff fails to allege in the Complaint the protectable elements of its derivative architectural work and which protectable elements are alleged to be infringed. *See Miller's Ale House, Inc.*, 702 F.3d at 1318.

Accordingly, a stay is warranted in light of incurable deficiencies set forth in the Motion to Dismiss.

**B. The Stay is Appropriate Because the Plaintiff Would Not Be Prejudiced.**

"'In deciding whether to stay discovery pending resolution of a pending motion, the court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Beaulieu*, 2007 U.S. Dist. LEXIS 108190, at *19-20 (citation omitted).

Plaintiff will not be prejudiced by a stay, as the parties are at the beginning stages of litigation and the discovery deadline is not until June 3, 2025, pursuant to the Amended Scheduling Order.

Indeed, on July 19, 2024, Plaintiff itself filed an unopposed Motion to Amend the Scheduling Order [D.E. 14], requesting an extension of all deadlines within the Scheduling Order entered by the Court [D.E. 12] due to Defendants' Motion to Dismiss and Motion to Stay Discovery. In their Memorandum of Law in support of said Motion [D.E. 15], Plaintiff proposed to extend the deadline to amend pleadings until November 1, 2024, and the deadline to complete discovery until June 3, 2025. On July 19, 2024, the Court granted Plaintiff's Motion and entered an Amended Scheduling Order, *inter alia*, extending the discovery deadline to June 3, 2025 [D.E. 16]. In the event the Motion to Dismiss is denied, any discovery to which either party may be entitled will still be available through June 3, 2025 after the stay expires.

In contrast, the absence of a stay would substantially burden the parties during the pendency of Defendants' Motion to Dismiss. *See, e.g., Chudasama*, 123 F.3d at

6

1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and the court system can be avoided.").

A stay would conserve significant resources without any prejudice to the Plaintiff. In the alternative, if the stay of discovery is not granted, Defendants request a two-week extension of time to respond to Plaintiff's discovery requests from the date of the Court's Order.

## IV.    CONCLUSION

Given Defendants' pending dispositive Motion to Dismiss, discovery should be stayed while the Motion to Dismiss is pending. Moreover, the stay will not prejudice the Defendants, as the discovery deadline is currently June 3, 2025, pursuant to the Amended Scheduling Order [D.E. 16]. For the reasons set forth above, Defendants respectfully request that the Court stay all discovery pending its ruling on the Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting the Motion to Stay pending the ruling on Defendants' Motion to Dismiss. In the alternative, if the Motion to Stay is denied, Defendants respectfully request that this Court enter an Order granting Defendants a two-week extension of time to respond to Plaintiff's discovery from the date of the Court's Order.

7

## <u>LOCAL RULE 7.1(C) CERTIFICATION</u>

Counsel for Defendants conferred with counsel for Plaintiff regarding this Motion and the relief sought herein. Plaintiff <u>does not</u> consent to relief sought in this Motion, including a two-week extension of time to respond to Plaintiff's discovery *from the date of the Court's Order*. However, Plaintiff <u>does</u> consent to a two-week extension of time, through and including August 12, 2024, to respond to Plaintiff's discovery.

Dated: July 25, 2024

Respectfully submitted,

*/s/<u>Vanessa Michaud</u>*
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
Cleo Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
Vanessa Michaud
Florida Bar No. 1,025,956
vmichaud@malloylaw.com
**MALLOY & MALLOY, P.L.**
6751 N. Federal Highway, Suite 300
Boca Raton, FL 33487
561-243-1000
*Counsel for Defendants*