# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**AMERICA'S HOME PLACE, INC.,**

    *Plaintiff,*

v.                                   **Case No.: 5:24cv96-MW/MJF**

**JAMES E. ELIAS and KATHLEEN
E. KELLY,**

    *Defendants.*

_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

This Court has considered, without hearing, Defendants' motion to stay

discovery, ECF No. 18. For the reasons that follow, the motion is due to be denied.

Another district court explained the framework for deciding a motion to stay

while a case-dispositive motion is pending.

> Rule 26 vests the federal courts with broad discretion to manage the
> discovery process and ensure that parties are not subjected to
> unnecessary and burdensome discovery. Fed. R. Civ. P. 26(b)(2);
> *Crawford–El v. Britton,* 523 U.S. 574, 598–600 (1998). Among the
> many options available to a district court, of course, is the inherent
> power to stay discovery altogether while a case-dispositive motion is
> under consideration. *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir.
> 1987). In exercising its discretion whether to impose such a stay, the
> court must take a "preliminary peek" at a dispositive motion to assess
> the likelihood that the motion will be granted. *McCabe v. Foley,* 233
> F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman v. Flood,* 176 F.R.D.
> 651, 652 (M.D. Fla. 1997)); *Arriaga–Zacarias v. Lewis Taylor Farms,*
> 2008 WL 4544470 at *2 (M.D. Ga. Oct. 10, 2008). Generally, a stay
> should be granted only where the motion to dismiss appears, upon
> preliminary review, "to be *clearly meritorious* and truly case

dispositive," *Feldman,* 176 F.R.D. at 652–53 (emphasis added), rendering discovery a mere futile exercise. *See Allen,* 2014 WL 3887476 at * 2 (motion to dismiss not so "clearly meritorious" as to warrant stay of discovery); *Eli Research, LLC v. Must Have Info Inc.,* 2014 WL 2118874 at * 2 (M.D. Fla. May 21, 2014) (same); *Minton v. Jenkins,* 2011 WL 2038700 at * 2 (N.D. Fla. May 24, 2011) (as defendants' motion to dismiss appeared clearly meritorious upon initial review, they were entitled to a stay of discovery).

*S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (cleaned up). This standard makes clear that staying discovery while a dispositive motion is pending is the exception, not the rule.

Under this framework, Defendants' motion to stay discovery should be denied because their motion to dismiss is not so "clearly meritorious" that discovery would be a futile exercise. While Defendants may well prevail on the motion to dismiss, at this stage, their motion is not so "clearly meritorious" as to warrant putting the entire case on hold until it's resolved.[1]

Defendants also seek a two-week extension of their deadline to respond to Plaintiff's discovery requests. ECF No. 18 at 7. Plaintiff does not oppose this request. *Id.* at 8. Under Federal Rule of Civil Procedure 29(b), the parties are free to stipulate to such an extension without this Court's involvement. Accordingly,

---

[1] This Court pauses to emphasize that it is not passing on the ultimate merit of Defendants' motion to dismiss. Rather, this Court finds only that there are sufficient doubts about the merit of the motion to dismiss that make staying the entire case while the fairly arguable motion is resolved inappropriate on this record.

Defendants' motion to stay discovery (and their request in the alternative to extend their deadline to respond to discovery), ECF No. 18, is **DENIED**.

      **SO ORDERED on July 25, 2024.**

                                        **s/Mark E. Walker**
                                        **Chief United States District Judge**