**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

| | | |
|---|---|---|
| AMERICA'S HOME PLACE, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 5:24-cv-00096** |
| JAMES E. ELIAS and KATHLEEN E. | ) | **District Judge Mark E. Walker** |
| KELLY, BENJAMIN L. HINDS, | ) | **Magistrate Judge Michael J.** |
| HINDS & COMPANY LLC, | ) | **Frank** |
| JONATHAN BROWN, and SUBLIME | ) | |
| DESIGN SERVICE INC., | ) | |
| | ) | |
|     Defendants. | | |

<u>**DEFENDANTS JAMES E. ELIAS AND KATHLEEN E. KELLY'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

Pursuant to Fed. R. Civ. P. 8(a), 10(b), and 12(b)(6), Defendants, JAMES E. ELIAS and KATHLEEN E. KELLY (the "Homeowner Defendants"), hereby move to dismiss the Second Amended Complaint ("SAC") [D.E. 34] filed by Plaintiff, AMERICA'S HOME PLACE, INC. ("Plaintiff" or "AHP") because the SAC is an impermissible shotgun pleading and Count IV fails to state a claim upon which relief can be granted.

## I.  INTRODUCTION AND BACKGROUND.

Plaintiff initially brought this needless litigation solely against the Homeowner Defendants, two retirees with no architectural or building experience, for copyright infringement arising from the design and construction of their dream retirement home in Gulf County (the "Home") and removal or alternation of copyright management information on architectural plans. [D.E. 1]. Plaintiff's alleged copyright infringement against the Homeowner Defendants of Plaintiff's Blueridge Plans and BMFH Plans (as defined in the Complaint and SAC) based on alleged substantial similarities between the Derivative Plans[1] (as defined in the

---

[1] *See* D.E.34, ¶ 23. According to the SAC, the "Derivative Plans" are a derivative work of two registered architectural works owned by Plaintiff: (1) the Blueridge plans (defined in the Complaint and SAC as the "Blueridge Plans"), which has a copyright registration dating back to July 2010, No. VAu 1-034-495 and (2) the Blue Ridge Modern Farmhouse plans (defined in the Complaint and SAC as the "BMFH Plans"), which has a copyright registration dating back to December 2023, No. VA 2-386-145. However, **Plaintiff has not attached a copyright registration or otherwise alleged that it owns a copyright registration for the Derivative Plans**.

2

SAC), and plans ("Sublime Plans") prepared by Defendants Sublime Design Service Inc. ("Sublime") and its principal, John Brown ("Brown") used by Hinds to construct the Home.

On October 2, 2024—over a year after Homeowner Defendants reached out to Hinds to construct the Home, and the Home was almost completely constructed—Plaintiff amended its Complaint for the second time[2] to add four new defendants: (a) Hinds, (b) Hinds' sole member, Benjamin L. Hinds ("Mr. Hinds"), (c) Sublime, and (d) Brown, all of which Plaintiff knew were involved in the design and/or construction of the Home since at least five months ago when Plaintiff sent its cease and desist letter ("Letter") to Sublime, Brown, Hinds, and Mr. Hinds on May 6, 2024. *See* D.E. 34-16. The SAC asserts four claims against all six Defendants for:

---

The Derivative Plans must have been registered separately from Plaintiff's Registered Plans *prior to* filing the instant lawsuit. *See Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc*., 264 F.3d 622, 632 (6th Cir. 2000) ("[B]efore an infringement suit can be sustained based on the derivative work, that derivative work must be registered.") Otherwise, the unregistered Derivative Plans are protected *only to the extent they include protectable elements* of the Blueridge Plans and BMFH Plans. Therefore, if Plaintiff is in fact claiming that Defendant Homeowners infringed the Derivative Plans (in addition to the Blueridge Plans and BMFH Plans), which is not clear in the SAC, those protectable elements are not fully identified in the SAC.

[2] On August 8, 2024, after the Homeowner Defendants filed a Motion to Dismiss the Complaint [D.E. 17] for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiff filed, *as a matter of course*, its First Amended Complaint (the "FAC"), which attempted to correct the deficiencies in its Complaint and mooted Homeowner Defendants' Motion to Dismiss. *See* Order Denying Motion to Dismiss as Moot, D.E. 28.

(a) copyright infringement (Count I), (b) removal and/or alteration of CMI and distribution of documents with removed and/or altered CMI (Count II), (c) civil conspiracy (Count III); and (d) injunctive relief (Count IV).

Plaintiff's SAC [D.E. 34] is an impermissible "shotgun" pleading pursuant to Rules 8(a) and 10(b) because it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which alleged acts or omissions, or which of the defendants the claims are brought against. Based upon the reasons and legal authorities in the following memorandum of law, Plaintiff's SAC should be dismissed on this basis alone. Additionally, Count IV of the SAC for injunctive relief fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because injunctive relief is a remedy and not a claim.

Based upon all of the following arguments and legal authorities, the Homeowner Defendants respectfully request that the Court dismiss Plaintiff's SAC.

## II.  MEMORANDUM OF LAW.

### A. Legal Standards Applicable to Homeowner Defendants' Motion to Dismiss.

"To withstand a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Plaintiff's allegations must amount to 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Twombly*, 550 U.S. at 555.

Likewise, Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further requires plaintiffs to state their claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (emphasis added). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Courts in this circuit have "repeatedly lamented" what are known as shotgun or "puzzle pleadings." *Teamsters v. Apollo*, 633 F. Supp. 2d 763, 783-84 (D. Ariz. 2009).

Similarly, other circuit courts, such as the Eleventh Circuit, have addressed the topic of shotgun pleadings "always with great dismay."[3]

In this case, the Court should dismiss Plaintiff's SAC as it is an impermissible "shotgun pleading," which violates Fed. R. Civ. P. 8(a)(2) and 10(b). Second, Count IV of the SAC fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because injunctive relief is a remedy and <u>not</u> a claim, and therefore, warrants dismissal.

> **B. <u>The SAC Should be Dismissed Because it is a "Shotgun Pleading" as it Asserts Multiple Claims Against Multiple Defendants Without Specifying Which of the Defendants are Responsible for Which Alleged Acts/Omissions, or Which Claims are Brought Against Which Defendants.</u>**

A "plaintiff who sues multiple defendants must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8." *Warnshuis v. Bausch Health*, 2020 U.S. Dist. LEXIS 107136, at *11 (E.D. Cal. June 18, 2020). "That is, a pleading should 'allege what role each Defendant played in the alleged harm.'" *Id.* (internal citation omitted). "Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the

---

[3] *Strategic Income v. Spear*, 305 F.3d 1293, 1295, n.9 (11th Cir. 2002); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings…impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice.") (internal citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (the court has "condemned repeatedly, beginning at least as early as 1991" shotgun pleadings because they fail to comport with the "'short and plain statement of the claim' required by Rule 8").

6

plaintiffs' allegations." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002). "Therefore, complaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Warnshuis*, 2020 U.S. Dist. LEXIS, at *12. Improper "lumping allegations" have been condemned not only by the Ninth Circuit, but by other circuit courts as well. For example, the Eleventh Circuit has noted that a type of shotgun pleading occurs when the plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323; *see also Magluta*, 256 F.3d at 1284 (holding that on remand, "the district court should enter an order striking the complaint" as a deficient shotgun pleading because the plaintiff lumped all of the defendants into each count, without any distinction as to which defendant engaged in certain conduct).

Plaintiff's SAC is a quintessential shotgun pleading because Plaintiff asserted multiple claims against multiple Defendants, yet Plaintiff does not state what claim is being brought against what particular Defendant—and there are six Defendants named in the SAC. Instead, Plaintiff simply lumps "all Defendants" into each of the four counts, often referring to "Defendants" collectively without specifying to which defendant (or defendants) the allegation refers.

7

For example, in Count I, Plaintiff states "Defendants intended to create – and did in fact create – plans that were substantially similar to the Plans. They utilized the Derivative Plans to do so." D.E. 34, ¶ 73. Aside from the fact that these conclusory allegations are completely *untrue*, which supported by ample deposition testimony that the Homeowner Defendants did <u>not</u> prepare or create the Sublime Plans (as defined in the SAC), these false allegations are unclear and confusing as to which Defendants are being charged with which alleged misconduct. *See* D.E. 34, ¶ 82 ("Eliases would pay Hinds & Company – and Hinds & Company would then pay Mr. Brown – **to have Sublime create plans for the Home**."). As another example of Plaintiff's reference to "Defendants" collectively, in Count IV, Plaintiff alleges "Defendants' conduct in infringing upon the Blueridge Plans and BMFH Plans caused AHP to sustain damages." D.E. 34, ¶ 89.

Additionally, the SAC includes instances of Plaintiff seemingly lumping all six Defendants together without even referring to "Defendants." For example, in Count III, as part of the purported acts taken in furtherance of a civil conspiracy, Plaintiff alleges that there was a "distribution of versions of the Derivative Plans with the CMI removed." D.E. 34, ¶ 83. Because Plaintiff does not specify which defendant(s) performed this "overt act" (or the others acts detailed within this claim), Defendants are forced to guess whether these allegations apply equally to all six Defendants, and to that end, whether Plaintiff is alleging that all Defendants

8

performing the exact same overt acts together. However, this is troubling particularly in light of Plaintiff's prior and inconsistent allegation that Mr. Elias emailed the Derivative Plans to Mr. Hinds **with the CMI in-tact**. *See* D.E. 34, ¶ 46. As shown in Exhibit 10 of the SAC, and asserted by Plaintiff in the SAC, Mr. Elias did <u>not</u> remove or alter the CMI from the Derivative Plans when he sent them to Mr. Hinds via email. *See* D.E. 34, ¶ 46.

Overall, this practice amounts to the creation of an impermissible shotgun pleading, leaving the Defendants and this Court left to guess the allegedly wrongful conduct that is attributable to each Defendant. *See Fischer v. Nat'l Mortg. Ass'n*, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) ("[A] plaintiff must treat each [d]efendant as a separate and distinct legal entity and delineate the conduct at issue as to each [d]efendant." (internal quotation marks and citation omitted)). Accordingly, the SAC should be dismissed in its entirety as an impermissible shotgun pleading. *See Whiting v. Abbvie, Inc.*, 2022 U.S. Dist. 241083, No. 4:22cv138-MW/MAF (N.D. Fla. Oct. 6, 2022) (finding plaintiff's complaint is an impermissible shotgun pleading, needing not to address defendants' remaining arguments).

### C. <u>Count IV of the SAC Fails to State a Claim Because Injunctive Relief is a Remedy and Not a Cause of Action.</u>

Aside from the SAC being a shotgun pleading, Count IV of the SAC fails to state a claim because injunctive relief is a remedy and <u>not</u> a cause of action. *See CMR Constr. & Roofing, LLC v. UCMS, LLC*, 2022 U.S. App. LEXIS 21039, No.

21-11183, (11th Cir. 2022) (dismissing plaintiff's "cause of action" for injunctive relief because injunctive relief is a remedy and not a cause of action). As noted by the Eleventh Circuit, "any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005). Indeed, "there is no such thing as a suit for a traditional injunction in the abstract." *Id*. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

In Count IV of the SAC, Plaintiff seeks a "temporary injunction—made-permanent"—pursuant to 17 U.S.C. § 502. D.E. 34, ¶ 85. Additionally, Plaintiff seeks to preclude "further infringement upon AHP's copyright in the Blueridge and BMFH Plans" by having the Court order the "impounding of any infringing work, including (but not limited to) modifications to the Home to eliminate the product of the infringement." D.E. 34, ¶ 90. However, it is well-settled in the Eleventh Circuit that injunctive relief is only a remedy. Indeed, Plaintiff seeks injunctive relief in the relief sought in Counts I-III; subsection (e) of Plaintiff's Demand in the SAC provides for "Temporary injunctive relief, made permanent, pursuant to 17 U.S.C. § 502 to prevent the further infringement upon the Blueridge Plans and the BMFH

Plans." D.E. 34, p. 26. Therefore, a separate cause of action for injunctive relief is not only improper, but redundant. Therefore, Count IV of the SAC should be dismissed.

WHEREFORE, Homeowner Defendants respectfully request that the Court enter an order: **(1)** granting Homeowner Defendants' Motion to Dismiss; **(2)** dismissing Plaintiff's SAC; and **(3)** entering such other relief as the Court deems just and proper.

## N.D. FLA. LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that the word count in this Motion to Dismiss Plaintiff's SAC is 2611 words.

Dated: October 17, 2024

Respectfully submitted,

/s/Cleo Suero
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
Cleo Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
Vanessa Michaud
Florida Bar No. 1,025,956
vmichaud@malloylaw.com
**MALLOY & MALLOY, P.L.**
6751 N. Federal Highway, Suite 300
Boca Raton, FL 33487
561-243-1000
*Counsel for Defendants James E. Elias*
*and Kathleen E. Kelly*

11

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on October 17, 2024 via the CM/ECF electronic procedures to all counsel of record in the above-referenced lawsuit.

/s/Cleo Suero